IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GLORIA S. SALINAS,<br><br>               Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, in her capacity as Acting Commissioner of the Social Security Administration,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL<br><br><br>Case No. 2:16-CV-340 TS<br><br>District Judge Ted Stewart |

This matter comes before the Court on Plaintiff Gloria S. Salinas' appeal from the

decision of the Social Security Administration denying her application for disability insurance

benefits and supplemental security income.  Having considered the arguments of the parties,

reviewed the record and relevant case law, and being otherwise fully informed, the Court will

affirm the administrative ruling.

## I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to

determining whether his findings are supported by substantial evidence and whether the correct

legal standards were applied.[1]  "Substantial evidence 'means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'"[2]  The ALJ is required to

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

consider all of the evidence, although he or she is not required to discuss all of the evidence.[3]  If

supported by substantial evidence, the Commissioner's findings are conclusive and must be

affirmed.[4]  The Court should evaluate the record as a whole, including the evidence before the

ALJ that detracts from the weight of the ALJ's decision.[5]  However, the reviewing court should

not re-weigh the evidence or substitute its judgment for that of the ALJ.[6]

## II.  BACKGROUND

Plaintiff initially filed for benefits on June 3, 2010, alleging a disability onset date of June

1, 2010.  Plaintiff's claim was denied both initially and on reconsideration.  Plaintiff attended a

hearing before an ALJ on September 1, 2011.  On September 20, 2011, the ALJ denied

Plaintiff's claims.  Plaintiff requested review by the Appeals Council, but was denied on October

19, 2012.

Plaintiff then brought suit in this Court.[7]  Plaintiff raised the following issues: (1)

whether the ALJ erred in his drug addiction and alcoholism ("DAA") determination, (2) whether

the record contains a DAA diagnosis by an acceptable medical source, (3) whether the ALJ erred

in his DAA materiality analysis, (4) whether a medical source must address whether or not

Plaintiff's other impairments would improve in the absence of DAA, (5) whether the ALJ's

DAA determination is supported by substantial evidence, and (6) whether the ALJ properly

---

[3] *Id.* at 1009–10.

[4] *Richardson*, 402 U.S. at 390.

[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[7] Case No. 2:12-CV-1186 TS.

addressed step four even though he did not make findings concerning the mental demands of Plaintiff's past work.

In a Memorandum Decision and Order dated April 2, 2014, the Court reversed and remanded this matter to the agency. The Court agreed that the ALJ erred in his DAA materiality analysis. The Court found that the ALJ "engaged in [a] selective and misleading evidentiary review of the record" when he determined that Plaintiff would not be disabled absent her DAA.[8] In particular, the Court found that the ALJ mischaracterized Plaintiff's activities of daily living, social functioning, and concertation, persistence, and pace. The Court also found that the ALJ failed to fully consider Plaintiff's stated periods of sobriety. On that issue, the Court remanded "for the ALJ to determine whether the Plaintiff's remaining limitations during [these] period[s] of abstinence were disabling or to determine that Plaintiff is not credible regarding these periods of abstinence."[9] Thus, the Court remanded the "case to address only whether Plaintiff's DAA is material, that is, whether claimant's other impairments would improve to the point of nondisability in the absence of DAA."[10]

On July 22, 2014, the Appeals Council remanded Plaintiff's case to the ALJ for further proceedings consistent with the order of the Court. On January 16, 2015, the ALJ conducted a second hearing. At the hearing, the ALJ acknowledged that the matter was before him on a

---

[8] Case No. 2:12-CV-1186 TS, Docket No. 28, at 17.

[9] *Id.* at 21.

[10] *Id.* at 22.

remand from the Court.[11]  Plaintiff's counsel also directed the ALJ's attention to the periods of

sobriety that needed to be considered.[12]

The ALJ issued his decision on July 31, 2015.[13]  The ALJ did not mention the Court's

prior order or the previous proceedings, but ultimately concluded that Plaintiff's DAA was a

contributing factor material to her disability.  As such, the ALJ found that Plaintiff was not

disabled.

## III.  DISCUSSION

Plaintiff raises only one issue in her brief: that the ALJ ignored the Court's prior remand

order and failed to follow the directives of the Court.  "Deviation from the court's remand order

in the subsequent administrative proceedings is itself legal error, subject to reversal on further

judicial review."[14]  The Court disagrees that the ALJ failed to follow the Court's instructions on

remand.

As stated, the Court faulted the ALJ for his DAA materiality determination.  The Court

did so for two primary reasons.  First, the Court found that the ALJ had mischaracterized

Plaintiff's activities of daily living, social functioning, and concentration, persistence, and pace.

The Court concluded that the ALJ had selectively picked from the record those things that

supported his conclusion while failing to address those items that detracted from it.  The ALJ's

second decision does not suffer from the same flaws.  The ALJ fully considered the evidence

related to Plaintiff's activities of daily living, social functioning, and concentration, persistence,

---

[11] R. at 863.

[12] *Id.* at 875–79; *see also id.* at 1336–39.

[13] *Id.* at 825–44.

[14] *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

and pace.[15]  After considering all the evidence, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent that they are inconsistent with the residual functional capacity assessment."[16]  The ALJ further found that, when not abusing alcohol, Plaintiff had only "a moderate restriction of activities of daily living, moderate difficulties in maintaining social functioning, and moderate deficiencies of concentration, persistence or pace."[17]  The ALJ noted that when Plaintiff was abstinent, "she had good hygiene, was pleasant and cooperative, had her emotions under control and was not suicidal."[18]  Plaintiff does not challenge the ALJ's credibility determination or his determination as to Plaintiff's limitations.  Having carefully reviewed the record, the Court concludes that these findings are supported by substantial evidence.

Plaintiff does argue that the ALJ's findings conflict with the opinion of the medical expert who testified at the second hearing.  At that hearing, the medical expert opined that Plaintiff would have marked restrictions in social interaction and concentration, persistence, or pace if her testimony was fully credible.[19]  However, as discussed, the ALJ found that Plaintiff was not fully credible.  Plaintiff has not challenged that finding and it is supported by substantial evidence.  Thus, the ALJ was not required to accept the medical expert's opinion that Plaintiff had marked limitations in these areas.

---

[15] R. at 834–35.

[16] *Id.* at 835.

[17] *Id.* at 832.

[18] *Id.* at 831.

[19] *Id.* at 922.

Second, the Court remanded so the ALJ could consider Plaintiff's stated periods of abstinence. The Court stated that the ALJ should "determine whether Plaintiff's remaining limitations during [these] period[s] of abstinence were disabling or to determine that Plaintiff is not credible regarding these periods of abstinence."[20] In his 2015 Order, the ALJ specifically discussed the two periods of abstinence identified in the Court's order and a third period identified by Plaintiff's counsel at the hearing.[21] While the decision could have been clearer on this point, it appears that the ALJ found that Plaintiff was not credible with respect to these periods.[22] The ALJ specifically discussed the three periods of sobriety. In the paragraph that followed, the ALJ found:

> If the claimant stopped the substance abuse, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce many of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below.[23]

The ALJ then went on to discuss the medical evidence at length. After doing so, the ALJ found that Plaintiff's

> medically determinable impairments do not appear to have caused the alleged symptoms to the degree that the claimant was totally disabled. The claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are partially credible for the reasons explained in this decision. The claimant generally exaggerated her limitations. Her ability to stand, walk and sit was normal throughout the medical evidence of record. Her grooming and hygiene was inconsistent with her allegations. She consistently appeared for her appointments in a well-groomed and hygienic appearance, and did not display musculoskeletal symptoms that would have prevented her from working. As her

---

[20] Case No. 2:12-CV-1186 TS, Docket No. 28, at 21.

[21] R. at 835.

[22] *Id.* at 835–840.

[23] *Id.* at 835.

> mental health therapists have indicated, so long as she was consistent in taking her medications according to the prescriptions she was not suicidal and appeared to have her depression under good control.[24]

This finding is supported by substantial evidence.

In the Court's prior order, it noted two periods of abstinence the ALJ should consider: May 6, 2010 to July 23, 2010 and July 26, 2010 to early December 2010. At the second hearing, Plaintiff's counsel directed the ALJ's attention to a third period of abstinence from December 2010 to December 2012. The record contains numerous conflicting statements from Plaintiff concerning her drinking during these alleged periods of sobriety. For example, Plaintiff stated that she was sober from December 2010 to December 2012. However, in February 2011, Plaintiff went on a five-day drinking binge.[25] Further, in April 2011, Plaintiff admitted drinking several beers a day and tested positive for cocaine.[26] The ALJ considered these inconsistencies[27] and, as stated, found that Plaintiff was not completely credible. The ALJ's credibility determination is supported by substantial evidence and has not been challenged by Plaintiff here. Therefore, the Court concludes that the ALJ complied with the Court's instructions in considering Plaintiff's periods of abstinence, even though the ALJ's reasoning was less than clear.

Ultimately, the ALJ found that Plaintiff's DAA was a contributing factor material to the determination of disability, resulting in a finding that Plaintiff was not disabled. Plaintiff does not challenge this determination. There is considerable evidence in the record that demonstrates

---

[24] *Id.* at 839–40.

[25] *Id.* at 799.

[26] *Id.* at 1469–70.

[27] *Id.* at 836.

that Plaintiff's symptoms improved when she was not using drugs and alcohol, and that Plaintiff only had mild or moderate limitations when abstinent. As the ALJ concluded, the evidence shows that "[w]hen she was abstinent, [Plaintiff] had good hygiene, was pleasant and cooperative, had her emotions under control and was not suicidal."[28] Further, there is substantial evidence that, when not abusing alcohol, Plaintiff's mental impairments "resulted in a moderate restriction of activities of daily living, moderate difficulties in maintaining social functioning, and moderate deficiencies of concentration, persistence or pace, and no episodes of decompensation."[29] Based upon the evidence, the ALJ could reasonably find that Plaintiff would not be disabled if she ceased her substance abuse. Thus, the Court finds that the ALJ's DAA materiality determination is supported by substantial evidence and must be affirmed.

## IV. CONCLUSION

Having made a thorough review of the entire record, the Court hereby AFFIRMS the decision below.

DATED this 7th day of June, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[28] *Id.* at 831.
[29] *Id.* at 832.